UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            Case No. 6:20-cv- 1184-ORL-31EJK

$39,422 IN U.S. CURRENCY,

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $39,422 in currency (Defendant Funds) seized from Javonte Deaverner Richardson at the Orlando International Airport.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over

all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

3. This Court has *in rem* jurisdiction over the Defendant Funds because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1395(b), because the Defendant Funds were found and seized in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Funds consist of approximately $39,422 in United States currency seized from Javonte Deaverner Richardson on February 25, 2020 at Orlando International Airport by law enforcement officers who determined that there was probable cause to believe that the Defendant Funds constituted: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

6. Homeland Security Investigations (HSI) took custody of the Defendant Funds, which remain in the custody of the United States. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7. The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by HSI Special Agent John Kaufman, who states as follows.

### I. Richardson's 2016 Marijuana Arrest and Conviction

9. On February 20, 2016, Richardson was stopped for speeding in Tallahassee, Florida. While the officer was speaking with Richardson, he

3

smelled marijuana. For this reason, the vehicle was searched. During the search, law enforcement officers found marijuana throughout the vehicle. Officers also found a digital scale covered in marijuana residue, along with a box of empty sandwich bags (commonly used by dealers to package marijuana for resale). Officers arrested Richardson and placed him in the back of a police cruiser. While in the police vehicle, Richardson disposed of a baggie of marijuana that he possessed. Richardson was later charged and adjudicated guilty of misdemeanor possession of marijuana and possession and/or use of narcotic equipment.

## II.   2017 Delivery of Marijuana to Richardson's Residence

10.   On September 22, 2017, law enforcement agents encountered a United States Postal mail package addressed to "Jamie Roses" at a townhouse located on Airport Drive in Tallahassee, Florida. The package contained several pounds of marijuana. Law enforcement officers took the package to the Airport Drive address and knocked on the front door. Moments later, Richardson exited the garage. The officers spoke with Richardson and asked if "Jamie Roses" lived there. Richardson stated that he was the only one who lived at the residence.

11. Once law enforcement confirmed Richardson's identity, it was discovered that he had an outstanding warrant for an unrelated felony. As a result, Richardson was arrested. A search incident to his arrest revealed he was carrying $4,274.

### III. Seizure of Defendant Funds at Orlando International Airport

12. On Tuesday, February 25, 2020, Richardson was ticketed to fly on American Airlines flight 219 from Orlando, Florida to Los Angeles, California at approximately 5:05 p.m. California is a known source state for controlled substances.

13. Richardson had booked his one-way ticket to California just two days earlier—on February 23, 2020. Drug traffickers often purchase one-way tickets shortly before they are to travel since the drug trade is unpredictable.

14. While conducting interdiction operations at Richardson's gate, law enforcement officers noticed Richardson due to his nervous behavior – repeatedly walking back and forth past his gate, while continuously checking out his surroundings.

15. As a result, two law enforcement officers in plain clothes approached Richardson. Both officers identified themselves by showing

Richardson their credentials, and asked to speak with him. Richardson agreed to speak with agents.

16. Richardson retrieved his boarding pass and Florida Driver's license from a satchel that he was wearing around his neck. His Florida Driver's license listed Richardson's address as a residence on Dr. Martin Luther King St. in Dundee, FL. Below is a photograph of the residence located at that address.



17. When Richardson opened the satchel, Metropolitan Bureau of Investigation Agent Josh Evans smelled marijuana. Agent Evans asked Richardson if he had either smoked marijuana or been around marijuana earlier in the day. Richardson admitted that he had smoked marijuana earlier in the day, and further admitted that he did not possess a medical marijuana card. He did, however, show officers a membership card to a marijuana dispensary in California.

6

18. Agent Evans then asked if Richardson was carrying any money. Richardson stated that he was, but claimed he did not know how much. Agent Evans asked for permission to search Richardson's carry-on bag and satchel and Richardson consented.

19. Agent Evans started to search Richardson's carry-on bag, but then asked for Richardson to retrieve the money for him. Richardson then pulled out seven bundles of cash from his satchel. Agent Evans detected the odor of marijuana on the money. Agent Evans also noticed that the currency was bundled by different colored rubber bands and consisted of $100 and $20 bills. Drug traffickers often transport cash in rubber-banded bundles, which allows for easy counting.

20. Agent Evans asked Richardson how much currency he was carrying, and Richardson said it was $20,000. Richardson later said that he was carrying around $31,000-$32,000. He also provided varying stories about what he was going to use the funds for once he got to California.

21. Agent Evans found another four bundles of currency banded with different color rubber bands inside an inner pocket of Richardson's satchel. The currency consisted of $100, $50, and $20 bills. Agent Evans also

7

found a few loose bills in the main pocket of the satchel. All of currency smelled of marijuana.

22. The following day, a properly trained narcotics detection dog, "Gabi," positively alerted to the presence of the odor of drugs on the Defendant Funds. Gabi is trained to detect the odor of cocaine, heroin, marijuana, MDMA, and methamphetamine.

23. Individuals who handle controlled substances often get traces of the substances on their hands and clothing. These trace amounts of a controlled substance can easily be spread to other items the individual touches such as currency. A positive alert to U.S. currency by a properly trained dog indicates that the currency had either been handled by someone who had trace amounts of a controlled substance on their hands, or the currency had recently been in close proximity to a controlled substance.

24. The seized currency totaled $39,422. The money was comprised of:

| | |
|---|---|
| 309 | $100 bills |
| 99 | $50 bills |
| 177 | $20 bills |
| 1 | $10 bills |
| 3 | $5 bills |
| 7 | $1 bills |

8

## IV. Recorded Statements of Richardson

25. After the currency was seized, video recordings of Richardson were discovered on YouTube (an online video-sharing platform). In these recordings, Richardson brags of making money selling drugs. Richardson can be heard boasting *"moving dope, selling weed, getting money, that's the game . . . moving weight . . . I got 50 pounds in my backpack . . . I'm the dope man, pill man, weed man."* In the videos, Richardson can be seen with bags of marijuana, currency, and a firearm. The following are taken from screen shots of the videos:

  

## V. Facebook Posts

26. Additional video recordings of Richardson were discovered on Facebook (an online social media and social networking service). In these recordings, Richardson poses with what clearly appears to be distribution quantities of marijuana and large quantities of United States currency. The following are screen shots of portions of the videos showing Richardson with

9

distribution quantities of marijuana:



27. The following are screen shots of portions of the videos showing Richardson with large quantities of currency:






## VI.   Lack of Income

28.   In 2014, Richardson was adjudicated guilty in the Tenth Judicial Circuit, Polk County of attempted burglary of a dwelling, grand theft of a firearm, and engaging in a scheme to defraud. These charges were in relation

to Richardson breaking into a home and stealing cash, personal checks, and a firearm. In order to determine if Richardson qualified for court appointed counsel, he was required to submit a financial affidavit. In an affidavit, which was signed under oath on April 12, 2014, Richardson indicated that he had no income and no assets.

27. Records from the State of Florida indicate that the only recent wages for Richardson were in 2016— when he earned $63.00.

## CONCLUSION

28. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the

Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and that the United States have such other and further relief as this case may require.

Dated: July 2, 2020

                Respectfully submitted,

                MARIA CHAPA LOPEZ
                United States Attorney

By: _/s/ Nicole M. Andrejko_
                Nicole M. Andrejko
                Assistant United States Attorney
                Florida Bar No. 0820601
                400 West Washington Street, Suite 3100
                Orlando, Florida 32801
                Telephone:  (407) 648-7500
                Facsimile:   (407) 648-7643
                E-Mail:      Nicole.Andrejko@usdoj.gov

## VERIFICATION

I, John F. Kaufman, hereby verify and declare under penalty of perjury, that I am a Special Agent with the Homeland Security investigations, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other HSI Special Agents and Task Force Officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 1 day of July, 2020.

_____
John F. Kaufman, Special Agent
Homeland Security Investigations

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$39,422 in U.S. Currency

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Orange
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)

Brief description of cause:
proceeds traceable to and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 & 846

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE  7/2/20

SIGNATURE OF ATTORNEY OF RECORD  /s/ [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____